# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GONZALES,<br><br>             Plaintiff,<br><br>     v.<br><br>JAMES YATES, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:08-cv-00684-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Edward Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 19, 2010, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Plaintiff was ordered to either file an amended complaint or to notify the Court of his willingness to proceed only on the claims found to be cognizable in the Court's screening order. Plaintiff has not responded to the Court's order and has not otherwise communicated with the Court since the Court issued the screening order. Plaintiff has failed to obey the Court's order and has not otherwise taken any action to litigate this lawsuit.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with the local rules.

1

See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Henderson, 779 F.2d at 1423-24; Thompson, 782 F.2d at 831.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a Court's warning to a party that the failure to obey a Court order will result in dismissal satisfies the "consideration of less drastic alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court notes that in the March 19, 2010 screening order, Plaintiff was explicitly warned that "[i]f Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order." (Order Requiring Pl. Either To File Am. Compl. Or To Notify Court Of Willingness To Proceed Only On Claims Found To Be Cognizable 7:3-4.)

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for Plaintiff's failure to prosecute and failure to obey a court order.

///

1    These Findings and Recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)
3 days after being served with these Findings and Recommendations, any party may file written
4 objections with the Court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten (10) days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10 IT IS SO ORDERED.
11 **Dated:     May 22, 2010**               **/s/ Sheila K. Oberto**
                                           UNITED STATES MAGISTRATE JUDGE